No. 22-13315-X

IN THE UNITED STATES COURT OF APPEALS
FOR THE ELEVENTH CIRCUIT

CONSUMERS' RESEARCH, CAUSE BASED COMMERCE, INC., EDWARD J. BLUM, KERSTEN CONWAY, SUZANNE BETTAC, ET AL.,

*Petitioners*,

v.

FEDERAL COMMUNICATIONS COMMISSION, UNITED STATES OF AMERICA,

*Respondents.*

Petition for Review of an Order of the
Federal Communications Commission
Agency No. 96-45

**RESPONSE TO SUPPLEMENTAL AUTHORITIES**

C. Boyden Gray
R. Trent McCotter
  *Counsel of Record*
Jonathan Berry
Michael Buschbacher
Jared M. Kelson
BOYDEN GRAY & ASSOCIATES
801 17th Street NW., Suite 350
Washington, DC 20006
202-706-5488
mccotter@boydengrayassociates.com
*Counsel for Petitioners*

*Consumers' Research v. FCC, No. 22-13315-X*

# CERTIFICATE OF INTERESTED PERSONS AND CORPORATE DISCLOSURE STATEMENT

Pursuant to Federal Rule of Appellate Procedure 26.1, Eleventh Circuit Rules 26.1-1 through 26.1-3, and the Court's CM/ECF system which required a corporate disclosure statement for a Rule 28(j) response, Petitioners provide this Certificate of Interested Persons and Corporate Disclosure Statement. To the best of Petitioners' knowledge, the following persons and entities may have an interest in the outcome of this case:

Baller, James
Barthold, Corbin
Bayly, Joseph
Beelaert, Jeffrey S.
Benton Institute for Broadband & Society.
Berry, Jonathan
Bettac, Suzanne
Blum, Edward J.
Boyden Gray & Associates
Buschbacher, Michael
Carr, James M.
Cause Based Commerce, Inc.
Center for Media Justice (d/b/a MediaJustice).
Chessen, Rick C.
Competitive Carriers Association.
Competitive Enterprise Institute
Consumers' Research
Conway, Kersten
Crews, Adam G.
DeMuth, Christopher C.
Deutsch, Elizabeth B.
Feder, Samuel L.
Federal Communications Commission
Free State Foundation
Frieden, Robert
Furchtgott-Roth, Harold
Gibbs, Lynn

C-1 of 3

Gibbs, Paul
Goldberg, Neal M.
Goodheart, Rebekah P.
Gotting, Eric P.
Gray, C. Boyden
Greve, Michael S.
Hellman, Matthew S.
HWG LLP
Jenner & Block LLP
Keller and Heckman LLP
Kelson, Jared M.
Kirby, Kwang Ja
Kirby, Tom
Kull, Robert
Langlinais, Jonathan A.
Lewis, Jacob M.
May, Randolph J.
McCotter, R. Trent
Morris, Steven F.
Murray, Brian W.
National Digital Inclusion Alliance.
National Telecommunications Cooperative Association (d/b/a NTCA – The Rural Broadband Association).
NCTA, The Internet & Television Association
Neal, Jason
Roth, Deanna
Roth, Jeremy
Schools, Health & Libraries Broadband Coalition.
Schwartzmann, Andrew Jay
Sinzdak, Gerard J.
Stein Mitchell Beato & Missner, LLP
Stern, Mark B.
Tatel, Jennifer
TechFreedom
Thomas, Rhonda
United States of America
USTelecom – The Broadband Association.
Wilkinson, Barker & Knauer LLP

To the best of Petitioners' knowledge, no other persons, associations of persons, firms, partnerships, or corporations have an interest in the outcome of this case or appeal.

<u>/s/ R. Trent McCotter</u>

R. Trent McCotter

*Counsel of Record for Petitioners*

March 27, 2023

Honorable David J. Smith
Clerk of the Court
U.S. Court of Appeals for the Eleventh Circuit

Re:   Rule 28(j) Response Letter in *Consumers' Research et al. v. FCC et al.*, No. 22-13315-X, regarding *Consumers' Research v. FCC*, No. 22-60008 (5th Cir. Mar. 24, 2023).

Dear Mr. Smith:

The Fifth Circuit held the Petition was "undoubtedly" timely. Slip.Op.3–5. This Court should agree. Pet.CA11.Reply.Br.6–15.

The Fifth Circuit acknowledged the FCC possesses "a unique revenue raising mechanism," Slip.Op.11, with an "absence of a limit on how much the FCC can raise for the USF," Slip.Op.7, but erroneously upheld the USF revenue-raising mechanism anyway.

*First*, the court never addressed Petitioners' argument that an "intelligible principle" *in the context of revenue-raising*—where Congress is the expert—requires some kind of objective limitation. Pet.CA11.Reply.Br.18–23. Rather, the court held that "the intelligible principle standard" is violated *only* "where Congress has provided 'no guidance whatsoever' to an agency." Slip.Op.7. But that is not the standard even for technical, variegated matters. *Am. Power & Light Co. v. SEC*, 329 U.S. 90, 105 (1946) ("Congress [must] *clearly delineate[]*…the boundaries of this delegated authority."). Nor did the court address the unique "dual-layer delegation" given to the FCC. Pet.CA11.Reply.Br.27–28.

*Second*, the court said § 254(b) imposes substantive "require[ments]" "to ensure that telecommunications services are: (1) of decent quality and reasonably priced; (2) equally available," etc. Slip.Op.8. But *the FCC itself* says those § 254(b) principles are "'aspirational only.'" Pet.CA11.Reply.Br.25. "[A]n agency's voluntary self-

1

denial" of such broad statutory discretion cannot defeat a nondelegation challenge. *Whitman v. Am. Trucking Ass'ns*, 531 U.S. 457, 473 (2001).

*Third*, the court believed "§ 254 requires that the FCC only raise enough revenue to satisfy its primary function," Slip.Op.10, but the D.C. Circuit and *the FCC itself* have concluded that the FCC can raise more funds than necessary, Pet.CA11.Reply.Br.26. The Fifth Circuit also cited § 254(c) and (e) as supposedly limiting the "distribution of USF funds," Slip.Op.11, but again *the FCC itself* agrees that "'spending decision[s]' are 'irrelevant,'" Pet.CA11.Reply.Br.38. Those sub-sections don't impose meaningful limits, anyway. Pet.CA11.Reply.Br.32–35&38.

Finally, the court found no private nondelegation violation despite the FCC never bothering to issue a separate approval of USAC's quarterly proposal and having only "a small window" for review. Slip.Op.13–14. There's not even a pretense of independent FCC consideration. If that's not "'rubber stamping,'" nothing is. Pet.CA11.Reply.48.

Respectfully,

/S/ R. TRENT MCCOTTER

*Counsel of Record for Petitioners*

BOYDEN GRAY & ASSOCIATES PLLC
801 17th Street NW, Suite 350
Washington, DC 20006
202-706-5488
mccotter@boydengrayassociates.com

2

## **CERTIFICATE OF COMPLIANCE**

I hereby certify that this letter complies with the type-volume limitations of Federal Rule of Appellate Procedure 28(j) because it contains 347 words. This brief complies with the typeface and type style requirements of Federal Rule of Appellate Procedure Rule 32(a)(5)–(6) because it has been prepared in a proportionally spaced typeface using Microsoft Word in Century Schoolbook and 14-point font.

Dated: March 27, 2023                /s/ R. Trent McCotter
                                      R. Trent McCotter
                                      Boyden Gray & Associates
                                      801 17th St NW, #350
                                      Washington, DC 20006
                                      (202) 706-5488

## **CERTIFICATE OF SERVICE**

I hereby certify that on this date, I electronically filed the foregoing document with the Clerk of this Court by using the CM/ECF system, which will serve all parties automatically.

Dated: March 27, 2023                    /s/ R. Trent McCotter
                                         R. Trent McCotter
                                         Boyden Gray & Associates
                                         801 17th St NW, #350
                                         Washington, DC 20006
                                         (202) 706-5488